[874 NYS2d 192]

In the Matter of BENJAMIN KATZ (Admitted as BENJAMIN ZEV KATZ), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 24, 2009

APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppague (*Michael Fuchs* of counsel), for petitioner.

*Chris G. McDonough*, Melville, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition containing five charges of professional misconduct. After a preliminary hearing on November 29, 2007 and a hearing on February 25, 2008, the Special Referee sustained all five charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline as the Court deems just and proper. The respondent also moves to confirm the Special Referee's findings but requests that a private sanction be imposed upon him.

Charge one alleges that the respondent violated his fiduciary obligations by failing to maintain and preserve client funds entrusted to him in escrow, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46).

In or about January 2004, the respondent represented Alan Schraibman, executor of the estate of Jacqueline Schraibman, in the sale of real property in Woodbury. On or about January 5, 2004, the respondent received, as fiduciary, a down payment in the sum of $17,837 from the purchasers, Wolfram Cisenius and Leona Cisenius. The down payment check was deposited in his IOLA account on January 16, 2004. At the closing on April 20, 2004, the respondent disbursed the Schraibman funds by issuing an IOLA check in the sum of $17,837 payable to Alan

Schraibman, as executor. The respondent's IOLA check was posted to the account on April 22, 2004 and was dishonored on April 23, 2004 due to insufficient funds.

The respondent, as fiduciary, failed to maintain and preserve the Schraibman down payment in his IOLA account between January 16, 2004 and April 22, 2004, as evidenced by balances of $262.72, $862.64, and -$13,916.33 on January 31, 2004, February 27, 2004, and March 31, 2004, respectively.

Charge two alleges that the respondent violated his fiduciary obligations by failing to maintain and preserve client funds entrusted to him in escrow, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46).

In or about March 2004, the respondent represented Joseph Masterson and Donna Masterson in a personal injury action against Tutor Time Learning Systems, Inc. The parties negotiated a settlement wherein the plaintiffs would receive the sum of $3,500. The respondent received a check in that amount from TIG Insurance Company, dated March 2, 2004, payable to the Mastersons, individually, and to him as their attorney. On March 15, 2004, the respondent deposited the Masterson settlement funds into his IOLA account. He delivered his clients' portion of the settlement fee by issuing a $2,500 check payable to them dated March 25, 2004. Between March 15, 2004 and the date the check was posted, April 16, 2004, the respondent should have maintained and preserved the amount due the Mastersons. The respondent failed to maintain and preserve that amount in his IOLA account as evidenced by a balance of -$13,916.33 on March 31, 2004.

Charge three alleges that the respondent violated his fiduciary obligations by failing to maintain and preserve funds entrusted to him in escrow, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46).

In or about March 2004, the respondent represented Argent Mortgage, the lender in a refinancing matter for Rachel Jean-Louis. On March 16, 2004, the gross proceeds of $106,512.45 from the Jean-Louis refinance were wired into the respondent's IOLA account. Between March 17, 2004 and April 27, 2004, the respondent made 11 disbursements from the IOLA account related to this matter. He should have maintained and preserved a minimum of $5,054 in his IOLA account between April 5, 2004 and April 27, 2004. He failed to maintain and preserve that amount as evidenced by the fact that his balance dropped well below that amount on five occasions within that interval.

On four of those occasions, the respondent's IOLA account reflected a negative balance.

Charge four alleges that the respondent violated his fiduciary obligations by failing to maintain and preserve funds entrusted to him in escrow, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46).

In or about April 2004, the respondent represented Stephen Chiarini and Mary Ann Chiarini as plaintiffs in a personal injury action against General Motors Corporation. The parties negotiated a settlement whereby plaintiffs would receive the sum of $75,000. The respondent received the Chiarini settlement funds by check, dated April 15, 2004, made payable to "Law Offices of Benjamin Z. Katz, P.C. Attorney and Stephen Chiarini and Mary Ann Chiarini." The respondent deposited that check into his IOLA account on April 27, 2004. The respondent withdrew $15,000 of his legal fee prior to clearance of the Chiarini settlement check. On April 30, 2004, the $75,000 settlement check was returned. It was redeposited into the respondent's IOLA account on May 10, 2004, to be maintained by the respondent as fiduciary until proper disbursement.

The respondent issued a $50,000 check, dated May 24, 2004, payable to the Chiarinis as their share of the settlement proceeds. Between May 10, 2004 and the posting of the check on May 25, 2004, the respondent should have maintained and preserved at least $50,000. The respondent failed to maintain and preserve that amount as evidenced by the fact that the balance of his IOLA account fell to $30,839.46 on May 18, 2004.

Charge five alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3), by violating his fiduciary obligations based on all of the aforesaid factual specifications.

Inasmuch as the charges have been fully admitted, the Grievance Committee's motion and that branch of the respondent's motion which were to confirm the Special Referee's report sustaining all five charges are granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent has no prior disciplinary history.

The respondent's position is that the violations which occurred in this case were not intentional, willful, or malicious in any way. They occurred when the respondent was not fully

aware of his mental illness and before it was properly diagnosed. Until he was adequately medicated for this illness, the respondent asserts that he was prone to lapses of care and judgment. Per the respondent, the remedial steps he has taken since becoming aware of his condition and the obvious success in his recovery mitigate against a penalty under any recognized theory of justice. He maintains that the record is replete with evidence that the respondent, at the time of his actions, was impaired by his medical condition and that external stressors exacerbated his condition to the point that decisions he made during that period were not truly knowing. These stressors included family health issues, the gradual deterioration of his marriage which culminated in divorce, and the pressures of starting up his own mortgage company in 2003. Given his own claims of an impaired mental state owing to his depression, his subsequent recovery, and his efforts to avoid the cause of his anxiety, the respondent requests that he be only privately sanctioned.

Notwithstanding the mitigating factors present, in particular, the brief duration of the misconduct, the remedial measures the respondent has undertaken, and his unblemished history, the respondent clearly failed to safeguard client funds and admittedly used escrow funds for office expenses such as rent. His explanation that he inadvertently added zeroes to certain transfers thus resulting in overdrafts is suspect. The allegedly intended smaller amounts would not have covered the nonclient related expenses for which he used those funds.

Under the totality of circumstances, the respondent is suspended for a period of five years.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and RITTER, JJ., concur.

Ordered that the Grievance Committee's motion and that branch of the respondent's motion which were to confirm the report of the Special Referee are granted; and it is further,

Ordered that the branch of the respondent's motion which was to impose a private sanction is denied; and it is further,

Ordered that the respondent, Benjamin Katz, admitted as Benjamin Zev Katz, is suspended from the practice of law for a period of five years, commencing March 24, 2009 and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of five years, upon

furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (c) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c) (2); and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Benjamin Katz, admitted as Benjamin Zev Katz, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Benjamin Katz, admitted as Benjamin Zev Katz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).